Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/19/2019 12:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
19STCV09463

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jon Takasugi

Humberto M. Guizar, Esq., (SBN 125769); herito@aol.com
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
3500 West Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101
Attorneys for Plaintiffs,
A.M.P., MARIA REZA

Muammar Reed, Esq., SBN: 275133
Reed & Garcia Law, P.C.
5777 W. Century Blvd., Ste 775
Los Angeles, CA 90045
Tel:  (310) 242-8933
Fax:  (424) 320-3033
Attorneys for Plaintiff,
CARMELO PIZARRO Sr

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| A.M.P., a Minor, individually, and as successor in interest to Decedent CARMELO PIZARRO, by and Through her Guardian Ad Litem, ESMERALDA ESTEBAN; ESTATE OF CARMELO PIZARRO; MARIA REZA, CARMELO PIZARRO SR., <br><br> Plaintiffs <br><br> v. <br><br> COUNTY OF LOS ANGELES, BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON, and DOES 1 through 10, inclusive, <br><br> Defendants | CASE NO.: 19STCV09463 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Battery (Wrongful Death) <br> 2. Negligence (Wrongful Death) <br> 3. Violation Of 52.1 Of The California Civil Code <br> 4. Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. §1983); <br> 5. Substantive Due Process (42 U.S.C. § 1983); <br> 5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983); <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. Plaintiffs A.M.P. a minor child, individually, and as successor in interest to Decedent CARMELO PIZARRO, by and through her Guardian Ad Litem, ESMERALDA ESTEBAN; Estate of CARMELO PIZARRO; CARMELO PIZARRO SR., and MARIA REZA; individually in their Complaint against Defendants COUNTY OF LOS ANGELES (hereinafter also sometimes referred to as, "COUNTY" or "County" or "COLA"); BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON, and DOES 1 THROUGH 10, inclusive (collectively "Defendants"), allege as follows:

## INTRODUCTION

2. This action seeks compensatory and punitive damages from individual deputy sheriffs, from senior sheriff's department officials, and from the County of Los Angeles for violations state law and fundamental rights under the United States Constitution in connection with the brutal police shooting and killing of CARMELO PIZARRO on July 19, 2018. Decedent CARMELO PIZARRO was shot dead by Defendants, Los Angeles County Sheriff Deputies; BRANDON LONGORIA, MIGUEL CABRERA, and MICHAEL STEPHENSON on July 19, 2018.

3. Decedent CARMELO PIZARRO is but one of many recent victims of a disturbing trend featuring unarmed citizens shot dead by sheriff deputies employed by the County of Los Angeles. Rather than take measures to address the staggering epidemic and wave of such shootings, such as holding the culprits accountable, local authorities have fomented a culture pursuant to which individual deputies and their supervisors look the other way when such shootings take place and when deputies involved fabricate stories that purport to justify the shootings. There have been numerous shootings per year every year by COUNTY OF LOS ANGELES Sheriff Deputies who shoot and kill unarmed persons who have fired no shots, including from 2007 through the date of the shooting of Decedent CARMELO PIZARRO. From at least 2008 through the date of the shooting of Decedent CARMELO

PIZARRO, Defendant COUNTY OF LOS ANGELES has maintained a custom, policy and practice in which its Deputies are permitted to shoot persons who are visibly unarmed and who have fired no shots and in which the COUNTY OF LOS ANGELES Sheriff Deputies are not fired or disciplined for such unjustified shootings, thereby condoning this practice of over and over, time and again shooting unarmed civilians. This policy of shooting unarmed civilians was a moving force in the shooting of Decedent CARMELO PIZARRO on July 19, 2018.

4.      The policies and customs behind shootings of unarmed civilians such as CARMELO PIZARRO are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiffs herein seek by means of this action to hold accountable those responsible for the killing of CARMELO PIZARRO and to challenge the County's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## PARTIES

5.      At all relevant times, CARMELO PIZARRO (hereinafter, sometimes referred to herein as "Decedent") was an individual residing in the County of Los Angeles, California.

6.      Plaintiff A.M.P. is a minor individual residing in the COUNTY OF LOS ANGELES and is the natural born child of Decedent. Plaintiff A.M.P. sues by and through her Guardian Ad Litem and natural mother, ESMERALDA ESTEBAN, in her individual capacity as the child of Decedent and in a representative capacity as a successor-in-interest to Decedent and THE ESTATE OF CARMELO PIZARRO pursuant to California C.C.P. Section 377.32. Plaintiff A.M.P. is an "heir at law" (C.C.P. Section 373.60, wrongful death) and a "successor-in-interest" (C.C.P. Section 377.30, survival) to Decedent CARMELO PIZARRO. Plaintiff A.M.P. seeks both wrongful death and survival damages under federal and state law. Plaintiff A.M.P. seeks all damages available under federal and state law including under C.C.P. Section 373.60 (wrongful death); C.C.P. Section 373.30 (survival) and under

federal law for wrongful death and survival. The damages sought by Plaintiff A.M.P. for the death of her Father, CARMELO PIZARRO, include for loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support: loss of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and the mental, physical and emotional pain and suffering of Decedent and all other damages allowed under federal and state law. Plaintiff the ESTATE OF CARMELO PIZARRO appears through its successor-in-interest, the Plaintiff A.M.P. a minor, through her Guardian Ad Litem and natural mother, ESMERALDA ESTEBAN, named herein.

7.     Plaintiff CARMELO PIZARRO Sr., is an individual residing in the COUNTY OF LOS ANGELES and is the father of Decedent. CARMELO PIZARRO Sr., sues in his individual capacity as the father of the Decedent. Plaintiff CARMELO PIZARRO Sr., seeks damages under federal law, for loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under federal law.

8.     Plaintiff MARIA REZA is an individual residing in the COUNTY OF LOS ANGELES and is the mother of Decedent. MARIA REZA sues in her individual capacity as the mother of the Decedent. MARIA REZA seeks damages under federal law, for loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under federal law.

9.     Defendant COUNTY OF LOS ANGELES (hereinafter, referred to as "COLA") is a public entity whose deputies operate under color of law or authority, in their individual and representative capacities and in the course and scope of their employment with the capacity to sue and be sued. Defendant COLA is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. At all times relevant to the facts alleged herein, Defendant

COLA was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees complied with the laws and the Constitutions of the United States and the State of California. Defendant COLA employs persons including through Departments that include the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter, sometimes referred to as "LASD").

10.    Defendants Deputy BRANDON LONGORIA, (hereinafter also referred to as "LONGORIA") Deputy MIGUEL CABRERA, (hereinafter also referred to as "CABRERA") and Deputy MICHAEL STEPHENSON, (hereinafter also referred to as "STEPHENSON") are LASD  sheriff deputies working for COLA and LASD. On July 19, 2018, Defendants LONGORIA, CABRERA, and STEPHENSON, in their individual capacities, acting under color of law and in the course and scope of their employment with COLA shot and killed Decedent   .

11.    At all relevant times, defendants LONGORIA, CABRERA, STEPHENSON, and Does 1 Through 10 were employees of the LASD. At all times relevant herein, defendant BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON and each of the defendants Does 1 Through 10 were an employee and/or agent of defendant COUNTY and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COLA and the LASD, as well as under the color of the statutes and regulations of the State of California.

12.    At all relevant times, defendants LONGORIA, CABRERA, STEPHENSON, and each of the Defendant's Does 1 Through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of COLA.

13.    Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 are sued in their individual capacities for damages only.

14.    On information and belief, at all relevant times, Defendants COLA, LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, inclusive, were residents of County of Los Angeles, California. Defendants COLA, LONGORIA,

5

PLAINTIFFS' COMPLAINT FOR DAMAGES

CABRERA, and STEPHENSON are sued herein in their individual and/or representative capacity and/or in their capacity as employees and agents of Defendant COLA.

15. At all relevant times, LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, inclusive, were duly authorized employees and agents of COLA, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as deputies and law enforcement agents and with the complete authority and ratification of their principal, Defendant COLA.

16. At all relevant times, Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, inclusive, were duly appointed officers and/or employees or agents of COLA, subject to oversight and supervision by COLA's elected and non-elected officials.

17. In doing the acts and failing and omitting to act as hereinafter described, defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 were acting on the implied and actual permission and consent of COLA.

18. The true names of defendants Does 1 Through 10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

19. Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs and Decedent's rights, to initiate and maintain adequate

6

supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

## JURISDICTION AND VENUE

20.   This action is properly filed in the Los Angeles Superior Court, Central District, as it is a wrongful death case and seeks remedies under state law for the personal injuries suffered by the Decedent, CARMELO PIZARRO, as well as his daughter, plaintiff A.M.P. Furthermore, this civil action is brought by all Plaintiffs for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

21.   Venue is proper in this Court because defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California. Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitations.

## FACTS COMMON TO ALL CAUSES OF ACTION

22.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 21 of this Complaint with same force and effect as if fully set forth herein.

PLAINTIFFS' COMPLAINT FOR DAMAGES

23. Decedent was born on October 26, 1995, and he was 23 years old at the time of his death.

24. On the evening of July 19, 2018, Decedent, CARMELO PIZARRO was driving a vehicle in the City of Pico Rivera intending to go home. Defendants LONGORIA, CABRERA, STEPHENSON and DOES 1 THROUGH 10 observed Decedent and they attempted a traffic stop. Decedent panicked as he stopped the vehicle and fled on foot. As Decedent exited his car the defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 proceeded to shoot at Decedent with their firearms. Decedent ran in fear for his life. Decedent then decided to surrender to the defendants in front of his home. As Decedent approached the officers to surrender he was visibly unarmed and not threatening anyone. Nonetheless, Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 shot Decedent multiple times and killed him.

25. Without issuing any warning that shots were going to be fired, and in violation of COLA policy, Defendants LONGORIA, CABRERA, and STEPHENSON fired their firearms at DECEDENT.

26. Decedent sustained injuries, pain, and suffering, and death when he was shot dead by Defendants LONGORIA, CABRERA, and STEPHENSON who was acting under color of law, in their individual and official capacities and as employees of COLA/LASD. The Decedent was unarmed and at the time of the shooting posed no imminent threat of death or serious bodily injury to any person and the force that was used by Defendants BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON was unreasonable, excessive deadly force.

27. Upon information and belief, at the time he was shot, Decedent was not in possession of a weapon. Moreover, Decedent was leaving the scene of the incident. There was no crime in progress. Decedent posed no imminent threat of death or serious bodily injury to Defendant BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON, or any other sheriff deputy or person.

PLAINTIFFS' COMPLAINT FOR DAMAGES

28.   Defendants LONGORIA, CABRERA, and, STEPHENSON did not warn Decedent that they were about to shoot Decedent.

29.   Upon information and belief, after being shot, Decedent collapsed was immobile and bleeding profusely and in obvious critical need of immediate emergency care and treatment. Instead of immediately providing or facilitating emergency care and treatment, Decedent's need for immediate medical care was ignored. Defendant's BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON and DOES 1 THROUGH 10, inclusive did not timely summon medical care or permit medical personnel to treat Decedent. The delay of medical care to Decedent caused Decedent extreme physical and emotional pain and suffering, and was a contributing cause of Decedent's death.

30.   Within six months of the Incident, Plaintiffs timely and appropriately presented and filed Government Claims with the Defendant COLA in this action. The Government Claims were rejected and the filing of this action, as to the State Claims for Relief, within six months of the rejection, are timely filed. Additionally, the Federal Claims for Relief are also timely filed within two years of the Incident.

### FIRST CAUSE OF ACTION
**(FOR BATTERY CAUSING WRONGFUL DEATH)**
**(Cal. Govt. Code §815; 820 And California Common Law);**
**(BY PLAINTIFF MINOR A.M.P., AND THE ESTATE OF CARMELO PIZARRO, AGAINST DEFENDANTS BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON)**

31.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32.   Defendants LONGORIA, CABRERA, STEPHENSON, while working as deputy sheriffs' for COLA, and acting within the course and scope of their duties, intentionally shot Decedent. Defendants LONGORIA, CABRERA, STEPHENSON had no legal justification for using force against Decedent and the use of force was excessive and unreasonable. At all times herein mentioned, law enforcement officers

9

in California were only allowed to use reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants LONGORIA, CABRERA and STEPHENSON committed an unconsented touching of Decedent and battered him when they used unreasonable and excessive deadly force when they shot Decedent to death.

33. As a direct and proximate result of the actions of Defendants, Plaintiff A.M.P. suffered the loss of her Father, Decedent CARMELO PIZARRO, including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult)".

34. COLA is vicariously liable for the wrongful acts of Defendants LONGORIA, CABRERA, STEPHENSON pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability. Plaintiff A.M.P. brings her claim in each case, individually as an heir at law of Decedent in wrongful death and as successor-in-interest to the Decedent and to The Estate Of Carmelo Pizarro, and in each case, seeks both survival and wrongful death damages for the violation of Decedent's rights.

35. The conduct of Defendants LONGORIA, CABRERA, STEPHENSON and was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff A.M.P. and Decedent, entitling Plaintiff A.M.P. in each case individually and as a successor-in-interest to Decedent, to an award of

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

exemplary and punitive damages as to Defendants LONGORIA, CABRERA, and STEPHENSON.

## SECOND CAUSE OF ACTION
### (BY PLAINTIFF MINOR A.M.P., AND THE ESTATE OF CARMELO PIZARRO, FOR NEGLIGENCE (WRONGFUL DEATH) (BY PLAINTIFFS MINOR A.M.P., AGAINST DEFENDANTS BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON and DOES 1 THROUGH 10)

36.    Plaintiff repeats and reallege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37.    The actions and inactions of Defendants, including the actions of Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, were negligent and reckless.   At all times herein mentioned, among other things, Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 owed a duty to follow California law that provides that "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable." Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, breached their duty and were negligent and unreasonable in their actions and inactions which included but are not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent CARMELO PIZARRO;

(b) the negligent tactics and handling of the situation with Decedent CARMELO PIZARRO, including pre-shooting negligence;

(c) the failure to use alternative means to take into custody including, but not limited to, time, space, verbalization, commands, hands on grappling, non-deadly impact weapons, less-than-lethal weapons and less-than-lethal force;

11

(d) the negligent detention, arrest, and use of force, including deadly force, against Decedent CARMELO PIZARRO;

(e) the failure to provide prompt medical care to Decedent CARMELO PIZARRO;

(f) the failure to properly train and supervise employees, both professional and non-professional, including Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, including, but not limited to the failure to train to follow the COUNTY OF LOS ANGELES Sheriff Department Manual of Policies and Procedures;

(g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent CARMELO PIZARRO;

(h) the violation of Defendant COUNTY OF LOS ANGELES Sheriff Department Manual of Policies, Procedures and training regarding foot pursuits, tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains in regards to foot pursuits, tactics and use of force.

38.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. As a direct and proximate result of the actions of Defendants, Plaintiff A.M.P. suffered the loss of her Father, Decedent CARMELO PIZARRO, including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law,

12

including under California's "Wrongful Death" statue, California Code of Civil Procedure Section 377.60. et seq. and CACI 3921 "Wrongful Death (Death of an Adult)".

39.    The COUNTY is vicariously liable for the wrongful acts of Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

40.    The conduct of Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Decedent, entitling Plaintiff, individually and as successor-in-interest to Decedent, to an award of exemplary and punitive damages as to individual Defendants BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON and DOES 2-10.

41.    Plaintiff A.M.P. brings her claim in each case, individually as an heir at law of Decedent in wrongful death and as successor-in-interest to the Decedent and to The Estate Of Carmelo Pizarro, and in each case, seeks both survival and wrongful death damages for the violation of Decedent's rights.

## THIRD CAUSE OF ACTION

### BY PLAINTIFF MINOR A.M.P., AND THE ESTATE OF CARMELO PIZARRO, FOR VIOLATION OF THE SECTION 52.1 OF THE CALIFORNIA CIVIL CODE - AGAINST DEFENDANTS BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON and DOES 1 THROUGH 10)

42.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

PLAINTIFFS' COMPLAINT FOR DAMAGES

43. This action is brought pursuant to section 52.1 of the California Civil Code. The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 were acting within the course and scope of their employment and/or agency with defendant COUNTY OF LOS ANGELES. As such defendant COUNTY OF LOS ANGELES is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 pursuant to section 815.2 of the California Government Code.

44. Plaintiff's Decedent, CARMELO PIZARRO was subjected to excessive force by Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 in the form of gunshots fired by said defendants which struck CARMELO PIZARRO and caused him serious personal injuries from which he eventually died. The shooting was unreasonable and unwarranted as the circumstances under which the shooting occurred did not require the use of any force whatsoever. As an unreasonable use of force, the shooting constituted a violation of CARMELO PIZARRO's constitutional rights against unreasonable searches and seizures protected by the Constitution of the State of California.

45. All of the above acts and omissions of Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendant.

46. As a proximate result of the acts of Defendants LONGORIA, CABRERA,

14
PLAINTIFFS' COMPLAINT FOR DAMAGES

STEPHENSON and Does 1 Through 10, CARMELO PIZARRO's suffered multiple gunshot wounds which caused him severe injuries from which he eventually died.

47.     The above acts of defendants violated CARMELO PIZARRO's civil rights as protected by section 52.1 of the Civil Code. As such, Plaintiff A.M.P. is entitled to compensatory damages according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code section 51.7 and 52, and any other additional relief that the court deems proper.

## FOURTH CAUSE OF ACTION

### FOR UNREASONABLE SEARCH AND SEIZURE— UNREASONABLE AND/OR EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE (42 U.S.C. § 1983); (By Plaintiffs MINOR A.M.P., individually, and as successor in interest to DECEDENT CARMELO PIZARRO, by and Through her Guardian Ad Litem, ESMERALDA ESTEBAN; and THE ESTATE OF CARMELO PIZARRO, Against Defendants BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON and DOES 1 THROUGH 10, inclusive)

48.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.     The unjustified shooting of Decedent by Defendants LONGORIA, CABRERA, STEPHENSON and other unknown DOE defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. On July 19, 2018, Defendants LONGORIA, CABRERA, STEPHENSON and Does 1-10, acting in their individual and/or representative capacities, in the course and scope of their employment with Defendant COLA, acting under color of law, used unreasonable

15

and excessive deadly force and violated the Constitutional Rights of when they shot and killed Decedent. Decedent did not represent an imminent threat of death or serious bodily injury and the deadly force used by Defendants LONGORIA, CABRERA, STEPHENSON and Does 1-10, was objectively unreasonable force that proximately caused the death of Decedent in violation of 42 U.S.C. Section 1983.

50.    By virtue of their misconduct, defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, inclusive are liable for Decedent's injuries, either because these defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

51.    Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, inclusive knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering, and death.

52.    This use of deadly force was excessive and objectively unreasonable under the circumstances. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

53.    As a direct and proximate result of the actions of Defendants, Plaintiff A.M.P. suffered the loss of her Father, Decedent CARMELO PIZARRO, including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship. As a direct and proximate result of the actions of Defendants, Plaintiff A.M.P., as successor in interest to the Estate of Decedent Carmelo Pizarro, claims damages for the loss of the life of Decedent "where by virtue

16

PLAINTIFFS' COMPLAINT FOR DAMAGES

of death the victim cannot be made whole" for the pre-morbid physical, mental and emotional pain and suffering, anxiety, emotional distress, fear of impending death suffered by Decedent in being threatened by and then shot to death by Defendants and all other damages allowed under federal and state law. As a direct and proximate result of the actions of Defendants, Plaintiff A.M.P., as successor in interest to the Estate of Decedent Carmelo Pizarro, also claims as damages the loss of the value and enjoyment of the life of Decedent Carmelo Pizzaro to himself in that his life was cut short by Defendants and Decedent Carmelo Pizarro was an otherwise healthy 23-year-old man who had approximately 55.3 years of remaining life expectancy at the time of his death. Plaintiff A.M.P. by this action, further claims all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

54.   The conduct of Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants LONGORIA, CABRERA, STEPHENSON and DOES 1 THROUGH 10, inclusive.

## FIFTH CAUSE OF ACTION

**FOR VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983); (By Plaintiffs MINOR A.M.P., individually, and as successor in interest to DECEDENT CARMELO PIZARRO, by and Through her Guardian Ad Litem, ESMERALDA ESTEBAN; and THE ESTATE OF CARMELO PIZARRO, Against Defendants BRANDON LONGORIA, MIGUEL CABRERA, MICHAEL STEPHENSON and DOES 1 THROUGH 10, inclusive)**

55.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs A.M.P., as the surviving child; CARMELO PIZARRO Sr., and MARIA REZA, as the parents of Decedent CARMELO PIZARRO, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the Decedent and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their father and son, Decedent CARMELO PIZARRO.

56.     Decedent CARMELO PIZARRO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the Decedent and/or by being a purpose to harm unrelated to any legitimate law enforcement objective.

57.     The aforementioned actions of Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience and interfered with the familial relationship of Decedent and Plaintiffs A.M.P.; CARMELO PIZARRO Sr., and MARIA REZA, in that said Defendants had time to deliberate and then used deadly force that shocks the conscience and with a purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. Section 1983 in violation of the constitutional rights of Decedent and Plaintiffs A.M.P.; CARMELO PIZARRO Sr., and MARIA REZA.

58.     Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 thus violated the substantive due process rights of Plaintiffs A.M.P.; CARMELO

PIZARRO Sr., and MARIA REZA to be free from unwarranted interference with their familial relationship with Decedent.

59.    As a direct and proximate cause of the acts of Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10, Plaintiffs have been deprived of the life-long love, companionship, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

60.    Plaintiffs A.M.P.; CARMELO PIZARRO Sr., and MARIA REZA bring this claim in each case individually, and in each case, seek death damages for the violation of their constitutional rights to a familial relationship with Decedent. Plaintiffs A.M.P.; CARMELO PIZARRO Sr., and MARIA REZA by this action further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

61.    The conduct of LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants LONGORIA, CABRERA, STEPHENSON and Does 1 Through 10.

## SIXTH CAUSE OF ACTION

### FOR MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY (42 U.S.C. § 1983);

### (By All Plaintiffs Against COUNTY OF LOS ANGELES and DOES 1 THROUGH 10)

62.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63.    On information and belief, Defendants LONGORIA, CABRERA, STEPHENSON unjustified shooting of Decedent was found to be within COLA/LASD policy.

19

64. On information and belief, Defendants LONGORIA, CABRERA, STEPHENSON unjustified shooting of Decedent was ratified by COLA/LASD supervisorial officers.

65. On information and belief, Defendants LONGORIA, CABRERA, STEPHENSON were not disciplined for the unjustified shooting of DECEDENT.

66. On and for some time prior to July 19, 2018 (and continuing to the present date) at the East Los Angeles and Pico Rivera Precinct of the Los Angeles County Sheriff's Department, there is a group of deputies who have been acting as "gang members", as defined by Penal Code Section 186.22. These deputies have identified themselves as the "bandidos", and the "Jump Out Boys". These are predominately Latino deputies who wear tattoos depicting their allegiance to their particular gang. The Bandidos Tattoos consist of a skeleton with a sombrero, bandolier and pistol. The Jump Out Boys have a similar tattoo, differing only with the fact the Jump Out Boys do have a sombrero on the skull and have a bandana instead. The deputy gangs use criminal street gang tactics of fear and intimidation during work hours to silence deputies from reporting deputy acts of misconduct, including the use of excessive force. The command staff is aware of this behavior and has failed to take reasonable steps to stop this egregious behavior at both precincts. By failing to stop these deputies from being involved in this gang culture the Sheriffs Department is tainted with a continuing custom and practice that encourages deputies to engage in unconstitutional conduct such as using excessive force on civilians. This gang culture has created a custom and practice within the Sheriff's Department that encourages deputies to not report and account for the use of force on civilians with candor and honesty. This Sheriff gang culture was a moving force behind the use of excessive force on the decedent, PIZARRO, by defendants LONGORIA, CABRERA, and STEPHENSON, because said defendants knew they could use excessive force on Anthony Vargas with impunity, and they also knew they could also use excessive

deadly force on civilians without any accountability to anyone, including their supervisors.

67.    Defendants COLA and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as deputy sheriffs and other personnel, including Defendants LONGORIA, CABRERA, and STEPHENSON, whom Defendants COUNTY and Does 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by acting as gang members and failing to follow written LASD policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COL Sheriff deputies and other personnel, including Defendants LONGORIA, CABRERA, STEPHENSON, whom Defendants COLA and Does 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants LONGORIA, CABRERA, and STEPHENSON, who are Sheriff Deputies and/or agents of COLA.

(d) By failing to discipline COLA Deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e) By ratifying the intentional misconduct of LONGORIA, CABRERA, STEPHENSON and other COLA Deputies and/ or agents, who are COLA Deputies and/or agents of COUNTY;

(f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COLA and Does 1-10 were maintained with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by COLA Sheriff Deputies.

68. By reason of the policies and practices of Defendants COLA and DOES 1-10, including allowing deputies to perform their jobs like gang members, Decedent was severely injured and subjected to pain and suffering and lost his life. The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendant COLA in allowing its sheriff Deputies to use unjustified, excessive and unreasonable deadly force in shooting unarmed persons who had fired no shots with no punishment for the involved Deputies was a moving force that caused Defendants LONGORIA, CABRERA, and STEPHENSON to use unreasonable deadly force on Decedent (who was also unarmed and fired no shots).

69. Defendants COLA and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies

with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

70. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants Does 1-10 acted with intentional, reckless, and callous disregard for the life of Decedent and for Decedent's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COLA and Does 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of Decedent and Plaintiffs.

71. The actions of each of Defendants Does 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Does 1-10.

72. By reason of the aforementioned acts and omissions of Defendants COLA and Does 1-10, Plaintiffs were caused to incur damages as stated elsewhere herein.

73. By reason of the aforementioned acts and omissions of Defendants COLA and Does 1-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

74. Accordingly, Defendants COLA and Does 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

75. Plaintiffs seek both wrongful death damages and survival damages under this claim. Plaintiffs further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, for wrongful death including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society; moral support; **guidance; training** and the loss of relationship with Decedent. including loss of society, familial relationship and companionship in an amount according to proof at the time of trial;

B. For compensatory damages, for Survival for the mental, physical and emotional pain and suffering of Decedent in an amount according to proof at the time of trial;

C. For loss of financial support, sustenance and earning capacity in an amount according to proof at the time of trial;

D. For loss of gifts and benefits in an amount according to proof at the time of trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. For interest;

G. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988;

H. For all other damages allowed under federal and state law and;

I. For such further other relief as the Court may deem just, proper, and appropriate.

///
///
///
///
///
///
///

24

PLAINTIFFS' COMPLAINT FOR DAMAGES

Respectfully Submitted.

Dated: March 14, 2019

GUIZAR, HENDERSON & CARRAZCO

/s/ Humberto Guizar

By _____
HUMBERTO GUIZAR
Attorney for Plaintiffs,
A.M.G, individually and as successor
in interest to THE ESTATE OF
CARMELO PIZARRO, by and
through her Guardian Ad Litem
ESMERALDA ESTEBAN,
and MARIA REZA

Dated: March 14, 2019

REED & GARCIA LAW, P.C.

/s/ Muammar Reed

By _____
MUAMMAR REED
Attorney for Plaintiff,
CARMELO PIZARRO Sr.,

PLAINTIFFS' COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: March 14, 2019                    Respectfully Submitted,

By: /s/ Humberto Guizar

HUMBERTO GUIZAR
Attorney for Plaintiffs,
A.G. individually and as
successor in interest to THE ESTATE OF
CARMELO PIZARRO, by and through her
Guardian Ad Litem ESMERALDA
ESTEBAN , CARMELO PIZARRO Sr.,
and MARIA REZA

Dated:  March 14, 2019                   REED & GARCIA LAW, P.C.

/s/ Muammar Reed

By
MUAMMAR REED
Attorney for Plaintiff,
CARMELO PIZARRO Sr.,

PLAINTIFFS' COMPLAINT FOR DAMAGES

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Humberto Guizar, Esq. SBN: 125769<br>GUIZAR, HENDERSON, & CARRAZCO, L.L.P.<br>3500 W. Beverly Blvd.<br>Montebello, CA 90640<br>TELEPHONE NO.: (323) 725-1151   FAX NO. (Optional): (323) 597-0101<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

APR 17 2019

PLAINTIFF/PETITIONER: A.M.P., a Minor, et al.

DEFENDANT/RESPONDENT: County of Los Angeles, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>✓ EX PARTE | CASE NUMBER:<br>19STCV09463 |
|---|---|

NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): Esmeralda Esteban                                        is
   a. ✓ the parent of (name): A.M.P.
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Esmeralda Esteban c/o GUIZAR, HENDERSON, & CARRAZCO, L.L.P.
   3500 W. Beverly Blvd., Montebello, CA 90640
   Tel: (323) 725-1151

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   A.M.P. c/o GUIZAR, HENDERSON, & CARRAZCO, L.L.P.
   3500 W. Beverly Blvd., Montebello, CA 90640
   Tel: (323) 725-1151

4. The person to be represented is:
   a. ✓ a minor (date of birth): 01/01/2013
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ✓ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
   The minor's father was shot and killed by Deputies from Los Angeles County Sheriff's Department.

☐ Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008]

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL

Code of Civil Procedure,
§ 372 et seq.

Electronically Received 03/19/2019 12:59