# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-5979 PA (MAAx) | Date | July 23, 2019 |
|---|---|---|---|
| Title | A.M.P., et al. v. County of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    The Court is in receipt of an "Amended Notice of Request for Removal of Action Under 28 U.S.C. 1441(b)" ("Amended Notice of Removal") filed by defendant County of Los Angeles (the "County"), and defendants Brandon Longoria, Miguel Cabrera, and Michael Stephenson ("Individual Defendants"; together with the County, the "Defendants"). This action was filed by plaintiffs A.M.P., a minor by and through her guardian ad litem, Esmeralda Esteban, the Estate of Carmelo Pizarro, Maria Reza, and Carmelo Pizarro, Sr. (collectively, "Plaintiffs").

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). Failure to comply with the statutory time limit bars removal. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982).

    The County previously filed a Notice of Removal (Docket No. 1) on July 11, 2019, which the Individual Defendants did not join. In a July 15, 2019 Order, the Court provisionally remanded the action because the County had failed to explain the absence of the Individual Defendants. See Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."). The Court explained that it was staying the order until July 22, 2019 to give Plaintiffs a chance to waive the procedural defect if they wished to remain in federal court. The County then filed the Amended Notice of Removal on July 18, 2019 in an apparent attempt to cure the defect in the first Notice of Removal. The Amended Notice of Removal is on behalf of all Defendants, and the notice explains that all Defendants were served on June 12, 2019.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5979 PA (MAAx) | Date | July 23, 2019 |
|---|---|---|---|
| Title | A.M.P., et al. v. County of Los Angeles, et al. | | |

      To remove an action from state to federal court, a defendant must comply with the procedural requirements for removal. These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal; "courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (collecting cases).

      In the Amended Notice of Removal, filed <u>after</u> the Court already identified the defect in the original Notice of Removal, the County attempts to cure the procedural defect by joining the Individual Defendants in the removal. However, the Amended Notice of Removal indicates that Defendants were served on June 12, 2019, thirty-six days after Defendants were served with the Summons and Complaint. Because the Amended Notice of Removal was filed more than 30 days after the Defendants were served with the Summons and Complaint, the Amended Notice of Removal is procedurally defective.

      Furthermore, to the extent the Amended Notice of Removal is effectively a successive removal, it is improper. A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition <u>when subsequent pleadings or events reveal a new and different ground for removal</u>.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

      The nature of this case has not changed since it was first removed on July 11, 2019, and Defendants have identified no subsequent pleadings or papers that might provide a new basis for a second removal. The Amended Notice of Removal merely attempts to add information that the County should have included in the original Notice of Removal to properly comply with the procedural requirements for removal. Plaintiffs have filed an Objection to the Amended Notice of Removal (Docket No. 10) which clarifies that the County received proofs of service for the Individual Defendants on July 10, 2019, the day before the County's first Notice of Removal was filed. The County, thus, has no excuse for not explaining the absence of the Individual Defendants in the original Notice of Removal. Because there is no new and different ground for removal, Defendants have impermissibly

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5979 PA (MAAx) | Date | July 23, 2019 |
|---|---|---|---|
| Title | A.M.P., et al. v. County of Los Angeles, et al. | | |

attempted to remove this action twice on the same grounds. Such successive removals are improper and unjustified.

The Court therefore concludes that the Amended Notice of Removal, like the original Notice of Removal, is procedurally defective. See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266. Plaintiffs object to Defendants' removal, and, as such, this action is remanded to Los Angeles Superior Court, Case No. 19STCV09463, for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.